UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES L. GREENE, et al.,

        Plaintiffs,

  v.                                                                        Case No. 08-C-219

CITY OF GREEN BAY, et al.,

        Defendants.

**ORDER**

Plaintiff has moved for a protective order barring the presence of the defendant police officers from his deposition. The complaint alleges that these Defendants arrested the Plaintiff (by mistake) and that the arrest has required mental health treatment for post-traumatic stress. Accordingly, Plaintiff asserts that the presence of the Defendants during his deposition – in a confined space, and with the officers in uniform – would cause undue stress. For this assertion Plaintiff relies on the supporting opinion of his psychiatrist.

Defendants oppose the motion. First, they note that it is questionable whether Plaintiff actually experiences PTSD. Plaintiff was seen by an independent psychologist who concluded that Plaintiff's symptoms did not warrant a PTSD diagnosis. Defendants also argue that they have a basic right to participate meaningfully in their own defense, and that requires being "live" with Plaintiff during his deposition. Moreover, in bringing this lawsuit in the first place the Plaintiff was opening the door to reliving the traumatic experiences he complains about, and the Defendants would obviously have to appear in person if the case ever went to trial.

A motion for a protective order is not the proper venue for exploring an individual's mental health in any detail. Experts have evidently come down on both sides of that issue, and this Court is neither equipped nor qualified to render a meaningful conclusion based on the parties' submissions. Moreover, Plaintiff has raised questions about whether the Defendants' expert testimony is properly before the Court. Even so, given the Defendants' right to participate in their defense, as well as the fact that the Plaintiff has sacrificed at least some of his stated concerns by bringing this lawsuit, I conclude that the Defendants should not be barred completely from Plaintiff's deposition. That said, the Plaintiff raises enough of a mental health question that I am reluctant to order him to appear on the Defendants' own terms. Instead, I will allow the Plaintiff to be deposed in the United States Courthouse in Green Bay. The Plaintiff may, at his option, be deposed in the jury room or the courtroom itself, both of which are spacious rooms with high ceilings and large windows. Either option would allow the Defendants to be present to hear the Plaintiff's answers without being so close that they could be perceived as intimidating. The parties are directed to consult with each other to find agreeable times and dates; they should then contact Terri Ficek, the deputy-in-charge, in the office of the Clerk of Court to arrange courthouse scheduling.

The motion for a protective order is **DENIED**, with the proviso set forth above. The motion to preclude Defendants' expert is **DENIED.** Plaintiff may renew the motion if Defendants seek to rely on the expert for matters other than the deposition discussed above.

**SO ORDERED** this 16th day of March, 2009.

s/ William C. Griesbach
WILLIAM C. GRIESBACH
United States District Judge