UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES L. GREENE and MARY GREENE,

        Plaintiff,

  v.                                          Case No. 08-C-219

CITY OF GREEN BAY, et al.,

        Defendant.

## ORDER DENYING BIFURCATION

This is a civil rights action brought under 42 U.S.C. § 1983 in which the plaintiff seeks damages from two police officers who allegedly used excessive force in the course of an investigatory stop. At the time, the officers were investigating a report of an armed robbery. The case is currently scheduled for trial to commence on September 9, 2009, and presently before the court is the defendants' motion to bifurcate liability from damage aspects of the trial. For the reasons set forth, the motion will be denied.

A court may order a separate trial of any issue when a separate trial would be "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy. . ." *MCI Communications v. American Tel. & Tel. Co.*, 708 F.2d 1081, 1166 (7th Cir. 1983); Fed. R. Civ. P. 42(b). *See also Berry v. Deloney,* 28 F.3d 604, 610 (7th Cir. 1994). Bifurcation is proper when: 1) it serves the interest of judicial economy or is done to prevent prejudice to a party; 2) does not unfairly prejudice the nonmoving party; and 3) does not violate the 7th Amendment.

In this case, the defendants argue that separation of the trial of liability and damages would further judicial economy because it would reserve until after trial on liability the entire question of damages. Defendants argue that plaintiffs' damage evidence is extensive and, if the defendants prevail on liability, there will be no need to prolong the trial and offer such evidence.

I am unconvinced that bifurcation would significantly shorten the trial. Plaintiff notes he has only two damage witnesses, and they are likely to take less than half a day. More importantly, however, I am convinced that bifurcation would risk prejudice to the plaintiff. In deciding the plaintiffs' excessive force claim, the jury will be asked to consider the reasonableness of the use of force under the circumstances and from the prospective of a reasonable officer on the scene at the time. *See Graham v. Connor*, 490 U.S. 386 (1989). Determining the nature and quality of the intrusion by the officers must include consideration of the severity of any injury inflicted. Evidence of plaintiff's injuries is relevant to the issue of whether the force used by the officers was excessive. Potentially, the evidence is intertwined. Bifurcation would require the court and the parties to draw lines between what evidence is relevant to damages verses what evidence is relevant to liability. Given the nature of excessive force claims, this can prove particularly difficult and risks prolonging the trial or even requiring a second trial.

This is precisely what occurred in *Martin v. Heideman*, 106 F.3d 1308 (6th Cir. 1997). In that case, also an excessive force case, the court bifurcated the liability and damage issue. On appeal, the plaintiff argued that the court denied him substantial justice by excluding evidence of the full extent of his injuries. The Sixth Circuit agreed and concluded that the district court had abused its discretion by bifurcating the trial. In so ruling, the court stated:

2

> When the district court limited evidence of the severity of Martin's injury to evidence collected immediately after the incident, it ignored the fact that the severity of an injury may not be apparent immediately after an accident. For example, an apparently sprained or bruised leg that does not seem to warrant immediate treatment might later reveal fractures indicative of a more severe blow. Such evidence would clearly be relevant to establish the amount of force used. Similarly, evidence of plaintiff's psychological injury may reflect on the severity of the force used. And, although a defendant may be able to argue that he or she did not cause the subsequently appearing physical or psychological injuries, the causation question is one for th jury. In this case, the district court's attempt to draw the line excluding all evidence beyond the emergency room notes was error, requiring reversal. Moreover, because the extent of plaintiff's damages was relevant to the question of liability, the district court abused its discretion by bifurcating the trial.

*Id.* at 312.

The same considerations are fully applicable here. Evidence concerning the extent of plaintiff's injuries is relevant to the issue of whether the law enforcement officers used excessive force. It also bears on the plaintiff's credibility. For all these reasons, the motion to bifurcate trial is denied.

**SO ORDERED** this   8th   day of July, 2009.

                                        s/ William C. Griesbach
                                        William C. Griesbach
                                        United States District Judge